Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
43 West 43rd Street, Suite 248
New York, New York 10036-7424
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
S.M. and P.R., on behalf of their son, T.R.,

                Plaintiffs,                       **COMPLAINT**

          v.                                        1:20-cv-7770

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
-----------------------------------------------------------------------X

Plaintiff, S.M. and P.R., on behalf of their son, Plaintiff, T.R. (hereinafter referred to collectively as "Plaintiffs"), by their attorney, The Law Office of Steven Alizio, PLLC, as and for their Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), allege and state the following.

1.      Plaintiff, T.R., is the son of Plaintiffs, S.M. and P.R.  T.R. is a minor child with learning disabilities.  T.R. was at all relevant times, and still is, a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

2.      At all relevant times, Plaintiffs have resided and continue to reside within the County of Queens.

3.      Plaintiffs, though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiffs are prepared to disclose Plaintiffs' identities *in camera*.

4.      Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide T.R. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5.      This action is filed pursuant to the IDEA, 20 U.S.C. § 1415, and follows a two-day hearing that resulted in a hearing officer's decision on the merits in Plaintiffs' favor.

6.      This action is filed to secure statutory attorneys' fees and costs that Plaintiffs should be awarded in this fee application action, and in the underlying administrative proceeding, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7.      This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3); 34 C.F.R. §§ 300.516 and 300.517; and 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy.  Venue is proper in that Plaintiffs and Defendant reside in or are situated within the judicial district.

**FACTUAL BACKGROUND**

8.      Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.  Relatedly, all school agencies within the State are required to thoroughly assess eligible students with disabilities in all areas of the students' disabilities.

9.      On or about February 26, 2019, Plaintiffs initiated an administrative due process proceeding against Defendant.  Plaintiffs' complaint sought a pendency order requiring the DOE to fund T.R.'s "placement in a small, ABA-based program, and all of the related services mandated on the January 29, 2018 IEP (including tuition and costs associated with the aforementioned related services)."  Plaintiffs' complaint also sought, *inter alia*, an interim order requiring the DOE to fund an independent educational evaluation ("IEE") in the form of a comprehensive neuropsychological evaluation and functional behavior assessment ("FBA"), and a final order requiring the DOE to place T.R. or fund "an appropriate educational program and services in accordance with the findings and recommendations of the aforementioned neuropsychological evaluation report and Functional Behavior Assessment."

10.     On April 3, 2019, a the first day of hearing was held before Impartial Hearing Officer ("IHO") Helene Peyser, Esq.  Although IHO Peyser previously indicated that the April 3, 2019 date would be for both parties to present their full cases, IHO Peyser determined on April 3, 2019 to limit the scope of that hearing date to deal with the contentious issue of T.R.'s pendency placement for the 2018-2019 school year.  After Plaintiffs' filed their February 26, 2019 administrative due process complaint, T.R. was accepted to the Gersh Academy for Students on the Autism Spectrum ("Gersh Academy"), and thus the April 3, 2019 impartial hearing addressed

whether Gersh Academy was the T.R.'s pendency placement.

11.     On or about April 8, 2019, IHO Peyser issued a six-page order finding that Plaintiffs were entitled to their requested pendency placement.  IHO Peyser ordered the DOE to (1) "provide placement for TR at Gersh Academy to include a 6:1:1 class; a full time 1:1 paraprofessional; 1:1 occupational therapy 2x30, 1:1 physical therapy 2x30, 1:1 speech and language therapy 3x30; parent counseling and training 1:1 4x60; and, special transportation from the commencement of these proceedings throughout the pendency of these proceedings."

12.     On May 7, 2019, Plaintiffs filed an amended administrative due process complaint. Plaintiffs' amended administrative due process complaint sought, *inter alia*, final orders requiring the DOE to (1) fund IEEs in the form of a comprehensive neuropsychological evaluation and FBA in conjunction with a behavior intervention plan ("BIP"); (2) fund tuition and costs to Gersh Academy for the 2018-2019 12-month school year (including the costs associated with related services and a 1:1 paraprofessional); (3) fund fifteen hours per week of 1:1 Applied Behavior Analysis ("ABA") instruction to be provided in the home under the direct supervision of a Board Certified Behavior Analyst ("BCBA") for two hours per week by a qualified independent agency at an enhanced rate according to proof.

13.     On July 22, 2019, a second day of hearing was held before IHO Peyser to address Plaintiffs' remaining claims contained within Plaintiffs' amended administrative due process complaint.  Because the impartial hearing did not take place until after the completion of the 2018-2019 12-month school year, IHO Peyser's April 8, 2019 pendency order resulted in the DOE being required to fund T.R.'s full tuition for the time he attended Gersh Academy for the 2018-2019 school year.  Thus, Plaintiffs' request for the DOE to fund T.R.'s tuition to Gersh for the 2018-2019 did not need to be, and was not, addressed at the July 22, 2019 impartial hearing.

14.     On or about August 16, 2019, IHO Peyser issued an eight-page order finding that Plaintiffs were entitled to the following additional relief: (1) "15 hours per week of 'at-home' ABA services to TR at an enhanced rate no greater than $125 per hour and 2 hours per week of BCBA supervision at a rate no greater than $250 per hour;" (2) "an FBA to TR, to be performed by Dr. Carol Fiorile at a rate no greater than $2500;" and (3) "an independent neuropsychological evaluation of TR, to be performed by Dr. Jennifer Oratio at a rate no greater than $6000."

15.     Plaintiffs have exhausted their administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level; claims associated with fees and costs must be adjudicated and determined by the federal court, absent an agreement by the parties.

16.     This action is timely brought based on the applicable statute of limitations.

17.     As a consequence of the favorable, unappealed, April 8, 2019 and August 16, 2019 administrative decisions of IHO Peyser, Plaintiffs qualify as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

18.     Under the IDEA fee-shifting provisions, Plaintiffs should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

19.     **WHEREFORE,** by reason of the foregoing, this Court should:  (a) declare

Plaintiffs to be the prevailing party; (b) fix and award Plaintiffs' statutory attorneys' fees and

related costs and disbursements from the administrative proceeding in an amount not less than

$33,926.25; (c) award Plaintiffs the attorneys' fees and related filing costs and disbursements

associated with this action in an amount to be set by the Court, and presently in the amount of

approximately $2,357.50; and (d) award Plaintiffs such other and further relief as this Court deems

fair and just.


Dated: New York, New York
       September 21, 2020

 

_____
Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
43 West 43rd Street, Suite 248
New York, New York 10036-7424
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiffs